## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF SOUTH CAROLINA
## FLORENCE DIVISION

| | | |
|---|---|---|
| United States of America, | ) | |
| | ) | |
| Plaintiff, | ) | 4:01-cr-783-CWH |
| | ) | |
| vs. | ) | |
| | ) | |
| Robert Philius, | ) | **ORDER** |
| | ) | |
| Defendant. | ) | |
| | ) | |

On November 21, 2002, the defendant filed a motion to correct or reduce his sentence and modify the judgment pursuant to Rule 35 of Federal Rules of Criminal Procedure. The defendant claims that: (1) his trial counsel was ineffective for failing to object to a sentence enhancement; (2) the indictment was defective because it did not identify a specific drug amount; and (3) that his sentence should be reduced because he provided substantial assistance to the government.

On September 8, 2003, pursuant to 28 U.S.C. §2255, the defendant commenced a pro se action attacking his guilty plea and sentence. The petitioner claimed that the government breached his plea agreement by failing to file a 35(b) motion. On May 24, 2006, the Court dismissed the defendant's claim. The Court did not address the defendant's November 21, 2002 claims when it dismissed the defendant's §2255 action on May 24, 2006.

Only 28 U.S.C. §2555 authorizes a district court to grant the relief that the defendant seeks in his November 21, 2002 motion. Accordingly, the Court hereby advises the defendant of its intent to recharacterize the motion as one pursuant to §2255. *See* United States v. Emmanuel, 288 F.3d 644, 649 (4th Cir. 2002)(requiring notice to a defendant before a district court, *sua*

*sponte*, converts a motion to one under §2255).

The defendant is directed to take notice of the restrictions on successive or second motions as set forth in §2244(a) and §2255. A defendant must be careful to include all grounds for relief in an initial §2255 motion because the ability to raise other grounds later have been limited by the following provisions:

> (a) No circuit or district judge shall be required to entertain an application for a writ of habeas corpus to inquire into the detention of a person pursuant to a judgment of a court of the United States if it appears that the legality of such detention has been determined by a judge or court of the United States on a prior application for a writ of habeas corpus, except as provided in section 2255.

A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain–

> **(1)** newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or

> **(2)** a new constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. §2255.

The Court therefore orders the defendant to respond to the Court's proposed recharacterization within 30 days from the date of the filing of this order. Failure to respond within the allotted time will result in the original motion being recharacterized as a §2255 motion.

**AND IT IS SO ORDERED**.

_____
April 23, 2007                                    **C. WESTON HOUCK**
Charleston, South Carolina        **UNITED STATES DISTRICT JUDGE**