**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION**

| | | |
|---|---|---|
| United States of America, | ) | |
| | ) | |
| Plaintiff, | ) | 4:01-cr-783-CWH |
| | ) | |
| vs. | ) | |
| | ) | |
| Robert Philius, | ) | **ORDER** |
| | ) | |
| Defendant. | ) | |
| | ) | |

On November 21, 2002, the defendant filed a motion to correct or reduce his sentence and modify the judgment pursuant to Rule 35 of Federal Rules of Criminal Procedure. The defendant claims that (1) his trial counsel was ineffective for failing to object to a sentence enhancement; (2) the indictment was defective because it did not identify a specific drug amount; and (3) that his sentence should be reduced because he provided substantial assistance to the government.

On September 8, 2003, pursuant to 28 U.S.C. §2255, the defendant commenced a pro se action attacking his guilty plea and sentence. The defendant claimed that the government breached his plea agreement by failing to file a 35(b) motion. On May 24, 2006, the Court held that the petitioner is not entitled to compel the government to file a Rule 35(b) motion on his behalf because he has not shown that the government's refusal to make such a motion was based on an unconstitutional motive or was not rationally related to a legitimate government objective. *See* Wade v. United States, 504 U.S. 181, 185-86 (1992). The Court did not address the defendant's November 21, 2002 motion brought pursuant to Rule 35 when it dismissed the defendant's §2255 petition on May 24, 2006.

On April 23, 2007, the Court ordered the defendant to respond to the Court's proposed recharacterization of his November 21, 2002 motion brought pursuant to Rule 35 within 30 days. On May 15, 2007, the defendant moved to dismiss his September 8, 2003 petition to prevent recharacterization. Because the Court dismissed the defendant's September 8, 2003 petition on May 24, 2006, the Court concludes that the defendant's motion to dismiss his September 8, 2003 petition is moot. Because the defendant is a pro se litigant, his pleadings are accorded liberal construction. Hughes v. Rowe, 449 U.S. 5, 9 (1980). The defendant states that he wishes to prevent recharacterization. Accordingly, the Court concludes that the defendant objects to the Court recharacterizing his November 21, 2002 motion brought pursuant to Rule 35 as a §2255 petition, and the Court does not rehcaracterize that motion.

Rule 35 of the Federal Rules of Criminal Procedure allows a court to correct an arithmetical, technical, or other clear error within 7 days after sentencing. More than seven days have passed since the defendant was sentenced on September 4, 2002. In addition, Rule 35 does not provide relief for ineffective assistance of counsel or a defective indictment, which the defendant alleges in his November 21, 2002 motion brought pursuant to Rule 35.

Therefore, the defendant's November 21, 2002 motion brought pursuant to Rule 35 of the Federal Rules of Criminal Procedure is denied. The defendant's motion for a hearing is denied because he has not alleged the facts which, if true, would entitle him to relief. Townsend v. Sain, 372 U.S. 293, 312 (1963). The defendant's motion to dismiss his September 8, 2003 petition is moot because the court dismissed that petition on May 24, 2006.

**AND IT IS SO ORDERED**.

_____
**C. WESTON HOUCK
UNITED STATES DISTRICT JUDGE**

May 16, 2007
Charleston, South Carolina