**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION**

United States of America,             )
                                       )
                Plaintiff,    )           4:01-cr-783-CWH
                                       )
       vs.                      )
                                     )
Robert Philius,                )          **ORDER**
                                     )
             Defendant.    )
_____ )

      On November 21, 2002, the defendant filed a motion to correct or reduce his sentence and modify the judgment pursuant to Rule 35 of Federal Rules of Criminal Procedure.  The defendant claimed that: (1) his trial counsel was ineffective for failing to object to a sentence enhancement; (2) the indictment was defective because it did not identify a specific drug amount; and (3) that his sentence should be reduced because he provided substantial assistance to the government.  The defendant objected to the Court's proposed recharacterization of his November 21, 2002 motion as a 28 U.S.C. § 2255 motion.

      On May 16, 2007, the court denied the defendant's November 21, 2002 motion.  On June 1, 2007, the defendant moved for reconsideration of the Court's May 16, 2007 order.  The Fourth Circuit Court of Appeals has recognized only "three grounds for amending an earlier judgment: (1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice."  Pac. Ins. Co. v. Am. Nat. Fire Ins. Co., 148 F.3d 396, 403 (4th Cir. 1998).  In this case, the petitioner's motion for reconsideration merely states the petitioner's disagreement with the Court's previous ruling.

Page 1 of  3

In addition, the defendant's motion for reconsideration is successive. On September 8, 2003, pursuant to 28 U.S.C. § 2255, the defendant commenced a pro se action attacking his guilty plea and sentence. On May 24, 2006, the Court denied this motion. In his motion for reconsideration, the petitioner attempts to re-litigate his claim.

The Fourth Circuit Court of Appeals has held that district courts must determine whether a motion for reconsideration pursuant to Rule 59(e) or a motion for relief from an order pursuant to Rule 60 should be treated as a successive collateral review application. United States v. Winestock, 340 F.3d 200, 203 (4th Cir. 2003). Failure to examine this motion as a successive motion for postconviction relief would allow the petitioner to evade the bar against relitigation of claims presented in a prior application. Id. at 206. "Review of successive applications is available only in limited circumstances." Id. at 203. As amended, the Antiterrorism and Effective Death Penalty Act (AEDPA), 28 U.S.C. § 2255 bars successive applications unless they contain claims relying on:

> (1) newly discovered evidence, that if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C.A. § 2255 ¶ 8. In this case, the petitioner does not make any claims relying on newly discovered evidence or a new rule of constitutional law that has been made retroactively applicable to cases on collateral review. The petitioner simply realleges a claim that he raised in his petition, which he filed on September 8, 2003. The petitioner's motion is successive, and this Court lacks jurisdiction to consider the petitioner's motion.

The Court dismisses the plaintiff's motion for reconsideration without prejudice to allow the petitioner to seek permission from the Fourth Circuit Court of Appeals to file a second or successive motion pursuant to 28 U.S.C. § 2255.

**AND IT IS SO ORDERED**.


**C. WESTON HOUCK**
**UNITED STATES DISTRICT JUDGE**

October 24, 2007
Charleston, South Carolina